IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-74-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANDREW KYLE HAIR, | ) | |
| | ) | |
| Defendant. | ) | |

On August 16, 2010, pursuant to a written plea agreement, Andrew Kyle Hair ("Hair") pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (crack) and 5 kilograms or more of cocaine. See [D.E. 23, 24]. On May 5, 2011, the court held Hair's sentencing hearing. See [D.E. 35, 36]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") and ruled on Hair's objections to the PSR. See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Hair's total offense level to be 40, his criminal history category to be I, and his advisory guideline range to be 292 to 365 months' imprisonment. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Hair to 240 months' imprisonment. See [D.E. 36]. Hair did not appeal.

On February 1, 2016, Hair moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 42]. Hair's new advisory guideline range is 235 to 293 months' imprisonment, based on a total offense level of 38 and a criminal history category of I. See Resentencing Report. Hair requests a 193-month sentence. See id.; [D.E. 42].

The court has discretion under Amendment 782 to reduce Hair's sentence. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671

F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Hair's sentence, the court finds that Hair engaged in serious criminal behavior involving a large quantity of illegal narcotics and firearms. See PSR ¶¶ 4–9. Moreover, Hair is a recidivist and has convictions for possession with intent to sell and deliver cocaine, conspiracy to sell and deliver cocaine, possession of marijuana, and possession of drug paraphernalia. See id. ¶ 11. Nonetheless, Hair has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Hair received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Hair's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Hair's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 138 S. Ct. at 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Hair's motion for reduction of sentence [D.E. 42].

SO ORDERED. This 20 day of July 2018.

JAMES C. DEVER III
Chief United States District Judge