IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-00074-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ANDREW KYLE HAIR, ) | |
| ) | |
| Defendant. ) | |

On May 17, 2021, Andrew Kyle Hair ("Hair") moved for relief under the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222, and filed a memorandum in support [D.E. 57, 58]. On May 27, 2021, the United States responded in opposition [D.E. 61]. On June 3, 2021, the Probation Office submitted a modification memorandum concerning the Presentence Investigation Report ("PSR") [D.E. 63]. The same day, Hair replied [D.E. 62] and stated he has no objection to the modification memorandum [D.E. 64]. As explained below, the court denies Hair's motion.

I.

On August 16, 2010, pursuant to a written plea agreement, Hair pleaded guilty to conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base (crack) and 5 kilograms or more of cocaine. See [D.E. 23, 24]. On May 3, 2011, the court held Hair's sentencing hearing. See [D.E. 35, 36]. At the hearing, the court adopted the facts set forth in the PSR and resolved Hair's objections to the PSR. See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 49]. The court calculated Hair's total offense level to be 40, his criminal history category to be I, and his advisory guideline range to be 292 to 365 months' imprisonment. After granting the

government's motion for a downward departure and thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Hair to 240 months' imprisonment. See [D.E. 36]. Hair appealed, but the United States Court of Appeals for the Fourth Circuit dismissed Hair's appeal for failure to prosecute. See [D.E. 51].

On February 1, 2016, Hair moved for a sentenced reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 42]. The court calculated Hair's new advisory guideline range to be 235 to 293 months' imprisonment, based on a total offense level of 38 and a criminal history category of I. See [D.E. 46] 1. After reviewing the record, all relevant policy statements, and the 18 U.S.C. § 3553(a) factors, the court denied Hair's motion. See id. at 2.

On June 9, 2020, the BOP released Hair to home confinement pursuant to the CARES Act. See [D.E. 58] 2. On May 17, 2021, Hair moved for a sentence reduction under the First Step Act. See [D.E. 57]. Hair seeks a sentence of time served. See [D.E. 58] 13. The government opposes the motion. See [D.E. 61].

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2372 (codified as amended at 21 U.S.C. §§ 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of crack cocaine necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of crack cocaine necessary to trigger a 10 year to life sentence increased from 28 grams to 280 grams. See id., § 2, 124 Stat. at 2372.

The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222. Section 404(a) defines

2

"covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . ., that was committed before August 3, 2010." Id. Under the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Id. § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Lancaster, 997 F.3d 171, 174–76 (4th Cir. 2021); United States v. Collington, 995 F.3d 347, 353 (4th Cir. 2021); United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, a court may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act "denied after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the advisory sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Chambers, 956 F.3d at 671–72. "Nothing in . . . section [404 of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., Collington, 995 F.3d at 357–58; United States v. Gravatt, 953 F.3d 258, 261 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *3–4 (E.D. Va. Mar.

3

17, 2020) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished), aff'd, No. 19-7018, 2021 WL 5150049 (4th Cir. Nov. 5, 2021) (per curiam) (unpublished). Nonetheless, a district court must reduce the sentence to comply with any new statutory maximum. See Collington, 995 F.3d 356–58.

Hair's 2010 conviction for conspiracy to distribute or possess with the intent to distribute 50 grams or more of crack cocaine and 5 kilograms or more of powder cocaine is a covered offense under section 404(a) of the First Step Act because the Fair Sentencing Act modified the statutory penalties for crack cocaine and Hair committed the offense before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222; United States v. McDonald, 986 F.3d 402, 404 (4th Cir. 2021) ("The First Step Act applies to any defendant who was convicted of an offense whose statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010." (quotation omitted)).

Even though Hair's offense is a covered offense under the First Step Act, the parties dispute whether Hair is eligible for consideration under the First Step Act. See [D.E. 61] 4–6; [D.E. 62] 1–2; see also First Step Act, § 404(c), 132 Stat. at 5222 ("No court shall entertain a motion under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with . . . the Fair Sentencing Act of 2010."). On August 16, 2010, Hair pleaded guilty to conspiracy to distribute or possess with the intent to distribute 50 grams or more of crack cocaine and 5 kilograms or more of powder cocaine. See Indictment [D.E. 1]; Arraignment [D.E. 23]. The court sentenced Hair according to the statutory minimum in 21 U.S.C. § 841(b)(1)(A) because Hair was responsible for distributing 5 kilograms or more of powder cocaine. See PSR ¶¶ 5, 42. The Fair Sentencing Act did not modify the drug weights triggering statutory minimums for powder cocaine offenses but instead modified the drug weights for crack cocaine offenses. Even though the Fair

4

Sentencing Act modified the drug weights triggering the crack cocaine statutory minimums in 21 U.S.C. § 841(b)(1)(A) and (B), the quantity of crack cocaine Hair distributed did not determine the applicable statutory minimum in this case. Instead, the quantity of powder cocaine Hair distributed determined that the statutory minimum in 21 U.S.C. § 841(b)(1)(A) applied. The court sentenced Hair accordingly, taking into account that statutory minimum, Hair's advisory guideline range, the government's motion for a downward departure, the arguments of counsel, and all relevant factors under 18 U.S.C. § 3553(a). Thus, Hair's original sentence was and remains proper under the governing statute in light of the copious quantities of powder cocaine Hair distributed.

Hair was charged conjunctively in a multi-object conspiracy that included both crack cocaine and powder cocaine. As for the crack cocaine, Hair pleaded guilty to conspiracy to distribute or possess with intent to distribute 50 grams or more of crack cocaine. Had Hair pleaded guilty to a conspiracy involving only crack cocaine, Hair's sentence would qualify as a covered offense. After all, the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger the statutory minimum in 21 U.S.C. § 841(b)(1)(A) from 28 grams to 280 grams and thus section 841(b)(1)(A) would no longer apply. Thus, under United States v. Gravatt, Hair meets the basic eligibility requirements for consideration under the First Step Act, and the court considers Hair's motion on the merits. See Gravatt, 953 F.3d at 262–64.

Hair's total offense level remains 38, his criminal history category remains I, and his advisory guideline range remains 235 to 293 months' imprisonment. See [D.E. 63, 64]. Under Collington and in light of the quantity of powder cocaine for which Hair is responsible, Hair's statutory maximum penalty is life imprisonment. See 21 U.S.C. § 841(b)(1)(A); Collington, 995 F.3d at 356–58. Thus, his new advisory guideline range is 235 to 293 month's imprisonment. Hair's current sentence is slightly above the bottom of his new advisory guideline range.

5

The court has completely reviewed the entire record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Collington, 995 F.3d at 356–60; Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). In deciding whether to reduce Hair's sentence, the court finds that Hair engaged in extraordinarily serious criminal behavior for a long time. See PSR ¶¶ 4–9, 32, 35, 40. From at least 2000 through June 29, 2010, Hair distributed 22.96 kilograms of crack cocaine, 30.61 kilograms of powder cocaine, and 10.89 kilograms of marijuana. See id. Hair possessed firearms in connection with his drug trafficking and was a leader in his drug-trafficking organization that operated for a decade. See id. ¶¶ 6–8. Hair is a recidivist drug dealer and has convictions for possession with intent to sell and deliver cocaine, conspiracy to sell and deliver cocaine, possession of marijuana, and possession of drug paraphernalia. See id. ¶ 11.

Hair incurred one infraction while incarcerated on his federal sentence. See [D.E. 58] 5. But Hair was also productive. Hair remained steadily employed in various jobs. See id. at 4. Hair also completed education and vocational training courses, including in parenting, food truck management, commercial driving, and freight brokering. See id.; [D.E. 58-2]. Hair has also worked to overcome his alcohol and drug addictions. See [D.E. 58] 6; [D.E. 58-2].

In June 2020, the BOP released Hair to home confinement under the CARES Act based on Hair's rehabilitative efforts and family circumstances. See [D.E. 58] 2. On home confinement, Hair has been steadily employed, has worked to be a better husband and parent, and has abided by the conditions of his home confinement. See id. at 5–8; [D.E. 58-3, 58-4, 58-6, 58-7]. The court also recognizes that Hair began his high-volume, decade-long, armed drug trafficking conspiracy at age 19 and that Hair is now older (age 40). See [D.E. 58] 9, 12; cf. [D.E. 58-8].

6

The court has considered the entire record, the parties arguments, the relevant section 3553(a) factors, and Hair's release to home confinement. Cf. Pepper v. United States, 562 U.S. 476, 491 (2011); United States v. High, 997 F.3d 181, 187–91 (4th Cir. 2021); Chambers, 956 F.3d at 671–75; McDonald, 986 F.3d at 412; United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). The court also recognizes that Hair has a supportive family and an aging father with severe medical conditions that require extensive care. See [D.E. 58] 7–9. Because Hair is on home confinement and has full-time employment, Hair currently can provide significantly more support for his son than while incarcerated in a federal prison. The court recognizes, however, that Hair is unable to provide the support for his father that he would like to provide. See id. at 8–9. Thus, the court must balance Hair's positive rehabilitative efforts, his family circumstances, the benefits Hair received by the BOP placing him on home confinement, and the extraordinary seriousness of Hair's decade-long, high-volume, armed drug trafficking. In light of Hair's extraordinarily serious criminal conduct and criminal record, the need to promote respect for the law, to deter others, and the need to incapacitate Hair, the court denies Hair's motion. See 18 U.S.C. § 3553(a); see, e.g., Chavez-Meza, 138 S. Ct. at 1966–68; Collington, 995 F.3d at 356–60; Chambers, 956 F.3d at 671–75; May, 783 F. App'x at 310; Barnes, 2020 WL 1281235, at *3–4; Latten, 2019 WL 2550327, at *4.

In reaching this decision, the court has considered the entire record, the parties' arguments, and the section 3553(a) factors. However, even if the court miscalculated the new advisory guideline range, it still would deny Hair's motion in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

7

II.

In sum, the court DENIES defendant's motion for a sentence reduction [D.E. 57]. Nothing in this order alters the BOP's decision to place defendant on home confinement.

SO ORDERED. This 22 day of November, 2021.

JAMES C. DEVER III
United States District Judge